UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FREDERICK BROWN,                         :
                                         :
                    Plaintiff,           :
                                         :      MEMORANDUM & ORDER
       -against-                         :
                                         :      14-cv-2444 (ENV) (LB)
ALLIED BARTON SECURITY,                  :
                                         :
                    Defendant.           :
-------------------------------------------------------------x

VITALIANO, D.J.,

On April 14, 2014, plaintiff Frederick Brown, appearing *pro se*, filed the complaint in this action against his employer, defendant Allied Barton Security, alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. Plaintiff, an African-American man, asserts, in a single paragraph in a form complaint, that "[o]n 1/26/12 at 3:45 a.m. Supervisor Lawrence Owgsu treatend me [*sic* throughout] cursed about my race and would not leave my work site until the police came. Allied Barton VP said it did not matter what happen and lied about what happen on record and my termination was based on retaliation," but he provides utterly no other detail about the circumstances surrounding these allegations. (Compl. ¶ 8). Brown's application to proceed *in forma pauperis* is granted, but, for the reasons that follow, his complaint is dismissed without prejudice, and with leave to amend within 30 days.

Standard of Review

A civil action complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not

require a plaintiff to provide "detailed factual allegations" in support of his or her claims in order to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Indeed, mere conclusory allegations or "naked assertions" will not survive a motion to dismiss without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557.

When a plaintiff proceeds without legal representation, a court must regard that plaintiff's complaint in a more liberal light, affording the pleadings of a *pro se* litigant the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). Even so, a court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Discussion

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e–2(a)(1). To establish a *prima facie* case of Title VII discrimination, Brown must show that: (1) he is a member of a protected class, (2) was qualified for the position he held, (3) that he suffered an adverse employment action, and (4) that such action was taken under

circumstances giving rise to an inference of discrimination. *See Bucalo v. Shelter Island Union Free School Dist.*, 691 F.3d 119, 129 (2d Cir. 2012); *Ruiz v. County of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). In this case, plaintiff provides the Court with no information whatsoever about his termination and fails to explain why his supervisor, who allegedly "cursed about [his] race," would "not leave [Brown's] work site until the police came." In other words, his complaint, as it stands, fails to provide even a conclusory narrative sufficient to understand his qualifications, any adverse employment action taken against him, and the circumstances surrounding that action.

Moreover, in order to pursue a claim in federal court for employment discrimination under Title VII, a claimant is required to first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), or a state or local agency, and receive a right-to-sue notice. 42 U.S.C. § 2000e-5(e)(1); *see Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82-83 (2d Cir. 2001). Upon receiving a right-to-sue notice, a plaintiff is typically afforded 90 days to file suit in federal court. *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996). Brown alleges that he filed complaints with EEOC and state agencies in January 2012, but omits from the standard pleading forms any indication as to the date on which he received a right-to-sue notice, or, for that matter, whether he was ever issued one at all.

In order to state a claim upon which relief may be granted, plaintiff must more clearly articulate the circumstances surrounding his alleged termination. His complaint, as it stands, does not. Nor does it allow the Court to conclude that the instant federal

court action was timely filed upon the exhaustion of plaintiff's administrative remedies. For these reasons, plaintiff's putative claims under both Title VII are dismissed, but with leave to amend within 30 days of the entry of this Order on the docket.

Conclusion

For the foregoing reasons, Brown has failed to state a claim upon which relief may be granted. His complaint is therefore dismissed, but without prejudice, and with leave to amend should he be able to do so in good faith. Pursuant to this leave, plaintiff may file an amended complaint, but must do so within 30 days of the entry on the docket of this Memorandum and Order. Should plaintiff decide to file an amended complaint, it shall be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint. If plaintiff fails to timely file an amended complaint within 30 days of the entry of this Order on the docket, this case will be dismissed with judgment entered for all defendants.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 5, 2014

/s/ ENV
ERIC N. VITALIANO
United States District Judge